UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
MONICA VILLANUEVA,

                                Plaintiff,      COMPLAINT

        -against-

MM WINE AND LIQUOR LLC d/b/a
HAIR GALORE and AWILDA RUIZ,
jointly and individually,

                                Defendants.
-------------------------------------------------------------------------X

Plaintiff Monica Villanueva ("Villanueva" or "Plaintiff") by her attorney, Jacob Aronauer of The Law Offices of Jacob Aronauer, complaining of MM Wine and Liquor LLC, doing business as Hair Galore ("Hair Galore") and Awilda Ruiz ("Ruiz") (collectively herein "Defendants"), alleges the following:

## NATURE OF THE ACTION

1. Plaintiff Villanueva is a former employee of Defendants.

2. This is an action brought by Plaintiff to recover unpaid minimum wages, unpaid overtime compensation, statutory penalties, punitive damages, and other damages for Plaintiff under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

3. Plaintiff also brings this action under the Wage Theft Protection Act, due to Defendants' failure to provide written notice of wage rates in accordance with the FLSA and the NYLL requirements.

4. Plaintiff seeks injunctive and declaratory relief against Defendants' unlawful actions, compensation for Defendants' failure to pay minimum wages, overtime wages, liquidated damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and the NYLL.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c), and 217; and 28 U.S.C. § 1337.

6. This Court has jurisdiction over the New York state law claims under the principles of supplemental jurisdiction.

7. Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred within the Southern District of New York.

## PARTIES

### Plaintiff Monica Villanueva

8. Plaintiff Monica Villanueva is and was at all times relevant hereto an adult individual residing in New York, NY.

9. Plaintiff worked as a hair technician at Hair Galore from April 14, 2018 through July 2, 2020.

10. Throughout the employment, Plaintiff was a covered employee within the meaning of the FLSA and the NYLL.

### Defendant Hair Galore

11. Hair Galore is a New York based wig and hair extension supplier; it offers related service in its store, including but not limited to hair extension installation, braiding and hair coloring.

12. Hair Galore's store is located at 128 Nagle Ave #1437, New York, NY 10040.

13. At all times relevant to this action, Hair Galore was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

14. Upon information and belief, Hair Galore has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

**Defendant Awilda Ruiz**

15. Upon information and belief, Defendant Ruiz owns and maintains control, oversight and the direction of Hair Galore.

16. Defendant Ruiz is a person engaged in business in New York County, who is sued individually in her capacity as an owner, officer and/or agent of Hair Galore. Defendant Ruiz exercises sufficient control over Hair Galore to be considered Plaintiff's employer under the FLSA and the NYLL, and at all times material hereto said defendant had the authority to hire and fire employees and established and maintained policies regarding the pay practices at Hair Galore.

17. Defendant Ruiz has employed Plaintiff at all times relevant.

18. Defendant Ruiz had substantial control over Plaintiff's working conditions and practices alleged herein.

## FACTS

**Monica Villanueva's Employment at Hair Galore**

19. From April 14, 2018 through July 2, 2020, Plaintiff was employed, without interruption, by Defendants.

20. Plaintiff was employed as a wigs and extensions technician.

21. Plaintiff was responsible for maintaining and coloring the wigs and extensions, styling and treating hair for the customers who visited Hair Galore's New York store and

providing non-surgical hair restoration for people who have lost their hair due to cancer or Alopecia.

22. Throughout the majority of her employment with Defendants prior to COVID-19, Plaintiff worked more than 40 hours each week.

23. Throughout her employment with Defendants, Plaintiff was not paid at or above the minimum wage under the NYLL.

24. Throughout her employment with Defendants, Plaintiff was not paid overtime. Rather, Plaintiff was paid a fixed weekly salary that was not inclusive of overtime.

25. Throughout the vast majority of her employment with Defendants Plaintiff did not take meal breaks.

26. Plaintiff did not take meal breaks because Defendants deducted a disproportionately large percentage of her salary for a mere half an hour meal break.

27. Throughout her employment with Defendants, Plaintiff was not properly notified about her wage rates as required by the NYLL.

28. Throughout Plaintiff's employment, Defendants did not keep a proper record of Plaintiff's work as required by the NYLL.

29. Each week Defendants paid Plaintiff in currency (cash).

30. When Defendants paid Plaintiff, they did not provide Plaintiff with any documentation as to her hours or her rate of pay.

31. Throughout Plaintiff's employment, Defendants did not discuss overtime pay with Plaintiff. Specifically, Defendants never informed Plaintiff that her salary included overtime pay.

**Monica Villanueva's Work**
**Schedule and Salary at Hair Galore**

32. From April 2018 through August 2018, Plaintiff worked on behalf of Defendants at Hair Galore 6 days per week.

33. From September 2018 through March 2020, Plaintiff worked on behalf of Defendants at Hair Galore 5 days per week.

34. From March 2020 through June 24, 2020, Hair Galore was closed due to the COVID-19 pandemic.

35. During this time period Plaintiff did not work or receive any compensation from Hair Galore.

36. From June 25, 2020 through July 2, 2020, Plaintiff worked from home at Hair Galore on behalf of Defendants.

37. From April 2018 through August 2018, Plaintiff worked approximately 10 hours per day, Monday through Saturday.

38. During this time period Plaintiff was "officially" scheduled to work from 11:00 a.m. until 7:00 p.m.

39. However, it was not unusual for Defendants to demand that Plaintiff start her day earlier than 11:00 a.m. and, in addition, to work past 7:00 p.m.

40. From September 2018 through August 2019, Plaintiff worked approximately 10 hours per day on Mondays, Tuesdays, Thursdays, Fridays and Saturdays.

41. During this time period Plaintiff "officially" was scheduled to work from 11:00 a.m. until 7:00 p.m.

42. Again, though, it was not unusual for Defendants to demand that Plaintiff start her day earlier than 11:00 a.m. and, in addition, to work past 7:00 p.m.

43. From September 2019 through March 2020, Plaintiff worked approximately 10 hours per day on Mondays, Tuesdays, Thursdays, Fridays and Saturdays.

44. During this time period Plaintiff was "officially" scheduled to work from 12:00 a.m. until 8:00 p.m.

45. Again, though, Defendants usually asked her to arrive by 11:00 a.m. or even 10:00 a.m. In addition, Plaintiff often worked past 8:00 p.m.

46. From June 25, 2020 through June 27, 2020, Plaintiff worked for Hair Galore from home and she worked approximately 5 hours per day.

47. From June 28, 2020 through July 2, 2020 Plaintiff worked 3 days at Hair Galore and, on average, worked 9 hours per day.

48. On June 29, 2020, Plaintiff worked from 12:00 p.m. to 12:00 a.m.. On July 1, 2020, Plaintiff worked from 11:00 p.m. to 6:30 p.m. On July 2, 2020, Plaintiff worked from 11:00 a.m. to 7:00 p.m.

49. For the period starting June 25, 2020 and ending July 2, 2020, Plaintiff was paid $500.

50. Defendants had no system or procedure with which they kept track of the hours that Plaintiff worked.

51. From April 2018 through August 2018, Plaintiff was paid $600 per week.

52. This salary was not inclusive of work performed after 40 hours.

53. From September 2018 through March 2020, Plaintiff was paid $500 per week.

54. This salary was not inclusive of work performed after 40 hours.

55. From June 25, 2020 through July 2, 2020, Plaintiff was paid $500 per week.

**Defendants' Violations of the Wage Theft Protection Act**

56. The NYLL and the Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

57. Throughout the relevant time period, Defendants paid Plaintiff's wages without the proper accompanying statement listing the overtime rate or rates of pay, the number of regular hours worked and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

58. Plaintiff was never given a notice containing the rates of overtime pay and basis thereof, in accordance with NYLL § 191.

### FIRST CAUSE OF ACTION
### NYLL Minimum Wage Violations, NYLL §§ 650 *et seq.*

59. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

60. At all times relevant to this action, Plaintiff was an employee of Defendants, and Defendants have been employers of Plaintiff within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

61. At all times relevant to this action, Plaintiff was covered by the NYLL.

62. The wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff.

63. Defendants failed to pay Plaintiff minimum hourly wage to which she was entitled under the NYLL and the supporting New York State Department of Labor Regulations.

64. Defendants' failure to pay minimum hourly rate was willful and thus violated the NYLL, Article 19, §§ 650 *et seq.*  Plaintiff's hourly rate stayed exactly the same even though her employment spanned over three years and a reasonably prudent employer should have known that the minimum wage standard in New York is adjusted on a yearly basis.

Defendants knowingly or recklessly ignored NYLL and the supporting New York State Department of Labor Regulations.

65. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants her unpaid minimum wages, liquidated damages as provided by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

## SECOND CAUSE OF ACTION
### FLSA Overtime Violations, 29 U.S.C. §§ 201, *et seq*.

66. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

67. At all relevant times throughout her employment, Defendants operated under a policy of willfully failing and refusing to pay Plaintiff one and one-half times the regular hourly rate of pay for work in excess of 40 hours per workweek, and willfully failing to keep records required by the FLSA, even though Plaintiff was entitled to receive overtime payments.

68. At all relevant times throughout Plaintiff's employment, Defendants willfully, regularly and repeatedly failed to pay the required overtime rate of one and one-half times her regular hourly rate for hours worked in excess of 40 hours per workweek.

69. Defendants' decision not to pay overtime to Plaintiff was willful. Plaintiff brought up the issue of overtime work to Defendant Ruiz several times, but Defendants rejected the request and willfully ignored their violation of the laws.

70. Plaintiff seeks damages in the amount of her unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CAUSE OF ACTION

**Unpaid Overtime Wages Under New York Labor Law**

71. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

72. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NYLL § 652 and 12 NYCRR §142-2.2.

73. Defendants failed to pay Plaintiff the overtime premium of one and a half times the regular hourly rate of pay, in violation of the NYLL.

74. Defendants' failure to pay required overtime was willful, as reasoned in the previous section.

75. As a result of Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants unpaid overtime wages and liquidated damages, as well as reasonable attorneys' fees and the costs of this action, including interest, pursuant to the NYLL.

**FOURTH CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Annual Wage Notices**

76. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

77. Defendants willfully failed to supply Plaintiff with wage notices in English or in the language identified by Plaintiff as her primary language, containing Plaintiff's rate, including but not limited to overtime rates of pay and basis thereof, as required by the NYLL, Article 6, § 195(1) and the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191.

78. Through their knowing or intentional failure to provide Plaintiff the wage notices required by the NYLL, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq*., and the supporting New York State Department of Labor Relations regulations.

79. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by the NYLL, Article 6, § 198(1-b).

## FIFTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Wage Statements

80. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

81. Defendants willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

82. Through their knowing or intentional failure to provide Plaintiff with the wage statements required by the NYLL, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Relations regulations.

83. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties two hundred and fifty dollars for each workday that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the entry of an order and judgment against Defendants, MM Wine and Liquor LLC, doing business as Hair Galore, and Awilda Ruiz, jointly and severally, as follows:

(a) Damages for the unpaid overtime wages due to Plaintiff, in an amount to be determined at the trial of the action, liquidated damages as provided by the FLSA, interest, attorneys' fees, and the cost of the action;

(b) Damages for unpaid minimum wage and unpaid overtime wages due to Plaintiff in an amount to be determined at the trial of the action, liquidated damages as provided by the NYLL, interest, attorneys' fees, and the cost of the action;

(c) Penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6, § 198;

(d) Penalties of two hundred and fifty dollars for each workday that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars as provided for by NYLL, Article 6, § 198;

(e) Awarding damages as a result of Defendants' failure to furnish a notice at the time of hiring pursuant to the NYLL;

(f) For pre-judgment and post-judgment interest on the foregoing amounts;

(g) For her costs and disbursements of the action, including attorneys' fees; and

(h) For such other further and different relief as the Court deems just and proper.

Dated: August 11, 2020
       New York, New York

                                                          Respectfully submitted,

                                                          */s/ Jacob Aronauer*
                                                          Jacob Aronauer
                                                          *Attorney for Plaintiff*