

# HAMRA LAW GROUP, PC.

1 LINDEN PLACE, STE. 207, GREAT NECK, NY 11021
WEB: WWW.HAMRALAWGROUP.COM

Danielle Rosenberg, ESQ.                                            T: 646.590.0571
drosenberg@hamralawgroup.com                                        F: 646.619.4012

December 18, 2020

**VIA ECF**
Hon. Jesse M. Furman
Thurgood Marshall
United States Courthouse
40 Foley Square,
New York, NY 10007

      Re: <u>Monica Villanueva v. MM Wine and Liquor LLC</u>
          1:20-cv-06297

Dear Judge Furman,

    This office represents Defendants, and files it's response to plaintiff's letter motion, dated December 17, 2020.  In his correspondence with the Court, plaintiff's counsel simply state's "[T]he meet and confer was unsuccessful", intentionally glossing over the basis for the breakdown in communication as well as intentionally failing to provide the Court the written correspondence between counsel that was exchanged contemporaneously before and immediately after the December 16, 2020 meet and confer with regard to Defendants' FRCP Rule 26 Initial disclosures.

    Your undersigned has attached as Defendants' **Exhibit "1"**, a chain of e-mail correspondence between your undersigned and plaintiff's counsel referenced in the aforementioned paragraph.  Upon reviewing the email exchange and plaintiff's letter motion to the Court, it is clear to your undersigned, that the true intention and/or motivation of plaintiff's counsel was to make good on his repeated threats to "go to Judge Furman" – nothing more, as the only issues plaintiff addresses in the email exchanges with regard to Defendants' Initial Disclosures are that they are that they are ' "completely incomprehensible" … "they are out of order" . . .

# HAMRA LAW GROUP, PC.

1 LINDEN PLACE, STE. 207, GREAT NECK, NY 11021
WEB: WWW.HAMRALAWGROUP.COM

**Danielle Rosenberg**, ESQ.                                                              T: 646.590.0571
drosenberg@hamralawgroup.com                                                  F: 646.619.4012

In further support of Defendants' argument that plaintiff is improperly using a letter motion to "go to Judge Furman, is the fact that only two small paragraphs in plaintiff's two (2) page letter motion address Defendants' Initial Disclosures, while the rest of the letter motion is populated with complaints of Defendants' timeliness, which plaintiff's counsel had provided his consent to additional time to provide plaintiff with discovery **(Exhibit "2")**.

Moreover, Defendants contend that plaintiff's letter motion in its effect, is a deficiency letter, which should have been sent to Defendants to allow Defendants an opportunity to cure the deficiency prior to seeking this Court's intervention, and as such, his letter motion is improper.

In his letter motion to the Court, plaintiff's counsel finally outlines what he feels is deficient in Defendants' Initial Disclosure(s) on page (2) two paragraph two (2), "First, while Defendants list Awill Ruiz (which should read, "Awilda Ruiz") as a witness who may have information relevant to this matter, they fail to state what subjects or information that Ruiz has knowledge."

Awilda Ruiz is named as a defendant in plaintiff's complaint. Plaintiff knows the subjects of information for which Ruiz has knowledge – it's plaintiff's complaint.

Additionally, as indicated in Exhibit "", plaintiff's counsel *never* addressed this issue nor was it addressed during the meet and confer.

The other issue that plaintiff states with regard to Defendants Initial Disclosures is a failure "to describe by category and location –all documents, …" This also, was *never* brought up in plaintiff's counsel's email responses regarding the meet and confer, nor was it part of the discussion during the meet and confer (<u>see also,</u> **Ex. "1"**). Defendant operates a beauty salon specializing in



# HAMRA LAW GROUP, PC.

1 LINDEN PLACE, STE. 207, GREAT NECK, NY 11021
WEB: WWW.HAMRALAWGROUP.COM

**Danielle Rosenberg**, ESQ.   T: 646.590.0571
drosenberg@hamralawgroup.com   F: 646.619.4012

creating wigs, braids, hair extensions, and other hair extension/style products geared toward the female population. This is not a sophisticated business operation. This is not a complex case with a sophisticated computerized document retention policy.

With respect to the December 8, 2020 Interim Discovery Deadlines, Defendants respectfully request the court allow Defendants to submit said Interim Discovery no later than December 21, 2020, which is being finalized.

Your undersigned apologizes in advance for the request to involve the Court in this particular matter on the issues addressed.

Respectfully,

/s/Danielle Rosenberg
Danielle Rosenberg
Counsel for Defendants

**VIA ECF**
*Plaintiff's Counsel*
Jacob Aronauer

Defendants are granted until December 21, 2020, to produce interim discovery. Beyond that, the Court declines to intervene at this time, except to say that it expects counsel to deal with one another professionally and in good faith and to meet all applicable deadlines. Failure to do so may well result in sanctions. The Clerk of Court is directed to terminate ECF No. 40. SO ORDERED.

December 20, 2020